IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GREE INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:19-CV-70-JRG-RSP |
| | § | |
| SUPERCELL OY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Supercell OY ("Supercell") previously filed two Motions to Dismiss. (Dkt. Nos. 17 & 97.)[1] Within these Motions to Dismiss, Supercell argued that the asserted claims of the patents-in-suit were invalid under 35 U.S.C. § 101 because the claims within the asserted patents were each directed to an abstract idea and because the claims do not recite any inventive concept. (Dkt. No. 17 & 97.) Magistrate Judge Payne entered a Report and Recommendation (Dkt. No. 102) to address Supercell's Motions to Dismiss. The Report and Recommendation recommended denying the Motions to Dismiss, stating that Supercell had not met its burden of showing that the claims were directed to an abstract idea at *Alice* Step One and that, at the very least, fact questions remain at *Alice* Step Two. (*Id.*) Supercell has now filed Objections (Dkt. No. 103) to the Report and Recommendation.

After reviewing the briefing for the Motions to Dismiss, the Report and Recommendation, and Supercell's Objections, the Court agrees with the reasoning provided within the Report and Recommendation. The Court also notes that, while Supercell argues that claim 1 of the '137 Patent,

---

[1] After Supercell filed its First Motion to Dismiss (Dkt. No. 17), Plaintiff GREE, Inc. filed an Amended Complaint (Dkt. No. 94). The Second Motion to Dismiss (Dkt. No. 97) makes only minor changes to account for the Amended Complaint. (*See id.* at 1 n.1; Dkt. No. 102 at 1 n.1.)

claim 8 of the '481 Patent, claim 1 of the '873 Patent, and claim 8 of the '655 Patent are representative of the other asserted claims, Supercell has failed to show that these claims are representative of the other asserted claims for the purposes of subject matter eligibility. While Plaintiff GREE, Inc. ("GREE") states within its complaint that these listed claims are representative of the patent-in-suit, those statements were made within GREE's discussion of infringement. (*See* Dkt. No. 1 at ¶¶ 40, 55, 72, & 85.) GREE's statements within the complaint should not be construed as admissions that the aforementioned claims are representative of the other asserted claims within the patent-in-suit for the purposes of resolving issues on subject matter eligibility. While Supercell's Motion includes further argument as to why the other claims of the patent-in-suit are ineligible, these arguments fail to show that the aforementioned claims are representative of the other claims.

A statement that a claim is representative for purposes of infringement—without more—is insufficient to show that a claim is representative for purposes of invalidity under 35 U.S.C. § 101. *GREE, Inc. v. Supercell Oy*, Case No. 2:19-CV-00161-JRG-RSP, 2020 WL 475443, at *1 (E.D. Tex. Jan. 29, 2020). This is because the representativeness inquiry with respect to infringement is completely different than the inquiry with respect to validity under 35 U.S.C. § 101. An infringement analysis compares the asserted claims to an accused product or method and focuses on each limitation of the asserted claims. *See, e.g.*, *Adams Respiratory Therapeutics, Inc. v. Perrigo Co.*, 616 F.3d 1283, 1287–88 (Fed. Cir. 2010) ("As we have repeatedly said, it is error for a court to compare in its infringement analysis the accused product or process with the patentee's commercial embodiment or other version of the product or process; ***the only proper comparison is with the claims of the patent***." (quoting *Zenith Labs. v. Bristol–Myers Squibb Co.*, 19 F.3d 1418, 1423 (Fed. Cir. 1994)) (emphasis added)). Since a product might infringe several

inventively distinct claims in the same way, a single claim may be representative of the plaintiff's infringement theory without being representative of each inventively distinct limitation contained in the remaining claims.

In contrast to infringement, a determination related to patent-eligible subject matter requires an entirely different analysis. For example, to determine eligibility, the Court must examine whether the claims capture an "inventive concept" and must compare that inventive concept to the universe of prior art to determine whether the claims merely involve activity that was "well-understood, routine and conventional" from the perspective of "a skilled artisan in the relevant field" at the time of patenting. *PPS Data, LLC v. Jack Henry & Assocs., Inc.*, 404 F. Supp. 3d 1021, 1040 (quoting *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018), *cert. denied*, No. 18-415, 2020 WL 129532 (U.S. Jan. 13, 2020)). Because the eligibility comparison is between the claims and the prior art, rather than the claims and an accused product, the representativeness analysis for infringement does not automatically overlap with the representativeness analysis for eligibility.

Thus, in addition to the reasons provided within the Report and Recommendation, the Court concludes that Supercell's Motion should also be denied because it fails to show that claim 1 of the '137 Patent, claim 8 of the '481 Patent, claim 1 of the '873 Patent, and claim 8 of the '655 Patent are representative of the other asserted claims within the patents-in-suit. Consequently, the Court **OVERRULES** Supercell's Objections and **ADOPTS** Judge Payne's Report and Recommendation with this additional reasoning. Supercell's Motions (Dkt. No. 17 & 97) are therefore **DENIED**.

**So Ordered this**

**Feb 21, 2020**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE