**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| GREE, INC., | § | The Honorable Rodney Gilstrap |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 2:19-cv-00070-JRG-RSP |
| v. | § | 2:19-cv-00071-JRG-RSP |
| | § | |
| SUPERCELL OY, | § | |
| | § | JURY TRIAL DEMANDED |
| Defendant. | § | |
| | § | |

**DEFENDANT SUPERCELL OY'S MOTION TO COMPEL
DISCOVERY AND DEPOSITIONS**

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Defendant Supercell Oy brings this motion to compel Plaintiff GREE, Inc. to make its employees available for deposition and produce all responsive documents and emails of Andrew Sheppard, and to the extent that GREE lacks possession of any such documents/emails that existed in 2016 going forward, to provide a verified explanation regarding why it does not possess such documents/emails.

During the 30(b)(6) deposition of GREE, GREE's corporate witness identified numerous other GREE employees possessing superior, relevant knowledge concerning GREE games containing features relevant to the asserted patents. Following the deposition, Supercell promptly served 30(b)(1) deposition notices on the employees GREE's corporate witness identified: Chika Horikawa, Jae Sok Hun (aka Seokhoon Choi), Norie Matsuda, Seiya Yoshimoto, Yoshinori Yoshida, and Midori Moriyama. These depositions were set to occur in March and April 2020 in Japan, where GREE is headquartered and the witnesses reside. In light of certain issues raised by GREE's production, including that addressed in this Motion with respect to Mr. Sheppard, Supercell has also served a 30(b)(6) notice directed to GREE's preservation of documents and data of its United States-based subsidiary. Due to the circumstances surrounding the COVID-19 global pandemic and resulting travel restrictions, GREE has been unable to make its witnesses available for depositions.

GREE has represented that, but for the travel restrictions in place, it would make these witnesses available for deposition. On April 23, 2020, Supercell filed a motion seeking a continuance of the case deadlines in view of the extraordinary impact caused by the COVID-19 virus on the parties and Supercell's inability to depose these critical witnesses. The requested extension sought by that motion would extend discovery through the end of June 2020, allowing time for the governmental restrictions, particularly those in Japan that are preventing

Supercell's depositions of GREE's witnesses in Japan from going forward, to be lifted. Given the uncertainty as to when travel restrictions will be lifted and GREE's position that the trial must proceed as scheduled, Supercell is left with no choice but to seek an order compelling GREE to make its witnesses available for deposition.

Supercell seeks an order compelling GREE to produce all responsive emails that existed prior to 2017 that belong to the former Chief Executive Officer of its United States-based subsidiary, Andrew Sheppard. GREE has been planning its litigation campaign against Supercell since at least 2016. However, although GREE purportedly searched Mr. Sheppard's emails, Mr. Sheppard's email production inexplicably contains no emails that predate 2017—despite emails produced by other custodians reflecting communications with Mr. Sheppard prior to 2017. Given this glaring hole in the production, GREE should be compelled to produce all of Mr. Sheppard's responsive emails, and to provide a verified explanation regarding why it does not possess such emails, including an explanation as to whether any documents were destroyed and, if so, the circumstances of such destruction.

## I.     LEGAL STANDARD

"It is well settled that the rules of discovery in the Eastern District of Texas are accorded a broad and liberal treatment to affect their stated purpose of adequately informing litigants in civil trials." *Collins v. Nissan N. Am., Inc.*, No. 2:11-cv-428-JRG, 2013 WL 1950002, at *1 (E.D. Tex. May 9, 2013) (Gilstrap, J). To facilitate the exchange of information "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." Fed. R. Civ. P. 26(b)(1).

Discovery is designed to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute. *See Shelak v. White Motor Co.*, 581 F.2d 1155, 1159 (5th Cir. 1978) ("The rules are designed to narrow and clarify the issues and to

give the parties mutual knowledge of all relevant facts, thereby preventing surprise."). Federal Rule of Civil Procedure 26 permits discovery of information that is relevant to a claim or defense of a party to the action. *See* Fed. R. Civ. P. 26(b)(1). After the moving party proves the relevance of the materials sought, the party resisting discovery has the burden to show discovery should not be allowed, and has the burden of explaining and supporting its objections. *See Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006).

With only certain exceptions not relevant here, "[a] party may, by oral questions, depose any person, including a party, without leave of court . . . ." Fed. R. Civ. P. 30(a). Unless a party or witness files a motion for a protective order, the witness has no basis to refuse to attend a properly noticed deposition. *See Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585 (S.D. Tex. 2011) (finding a deponent failed to provide substantial justification for cancelling noticed deposition where the deponent did not seek a protective order from the Court). Where a party or witness fails to cooperate with discovery procedures, "[o]n notice to other parties and all affected persons, a party may move for an order compelling . . . discovery." Fed. R. Civ. P. 37(a).

## II. ARGUMENT

### A. The Court Should Compel GREE to Produce its Witnesses for Deposition

As explained in Supercell's motion for relief, Supercell has been seeking depositions of GREE employees residing in Japan, but due to the travel restrictions and Japanese laws concerning depositions, the depositions have not taken place. *See* Dkt. No. 152 in Case No. 2:19-cv-00070-JRG-RSP; Dkt. No. 141 in Case No. 2:19-cv-00071-JRG-RSP. GREE does not oppose conducting the depositions when the travel restrictions are lifted, and thus it has not moved for protective orders to preclude them. Declaration of Shannon E. Turner In Support of Supercell's Motion to Compel ("Turner Decl."), ¶ 2; *id.* at Ex. A. The simple truth, however, is that these witnesses have relevant, firsthand knowledge of matters pertaining to Supercell's

defense. Supercell thus is entitled to and needs to depose them. Because GREE is not able to make its employees available for depositions, or even provide dates for such depositions, Supercell must seek the Court's assistance on this issue.

        **1.    Supercell Seeks Depositions Necessary for the Preparation of Its Defense**

In February 2020, Supercell took two Rule 30(b)(6) depositions of GREE's corporate witnesses. Turner Decl. ¶ 3. GREE's corporate witness, Masaki Fujimoto, identified the following current GREE employees with knowledge of the functionality and features of GREE's allegedly relevant products[1]:

- Yoshinori Yoshida – Tenmega (*see id.*, Ex. B at 74:25-76:12; Ex. C at 115:8-116:11);

- Seiya Yoshimoto – Tenmega (*see id.*, Ex. B at 76:13-77:7; Ex. C at 102:14-20, 116:4-11);

- Seokhoon Choi – Haconiwa (*see id.*, Ex. B at 21:10-22; Ex. C at 146:9-17);

- Midori Morikawa – Clinoppe (*see id.*, Ex. B at 21:1-4, 23:3-10; Ex. C at 142:16-19, 146:9-147:5, 152:22-156:11, 159:2-160:11);

- Chika Horikawa – One Piece Adventure Log (*see id.*, Ex. B at 21:6-9, 45:14-17, 48:5-8, 54:4-6, 55:16-56:3; Ex. C at 95:22-96:1, 99:14-100:12); and

- Norie Matsuda – Avatar (*see id.*, Ex. B at 21:1-4, 22:22-24; Ex. C at 142:14-15, 146:18-147:7, 149:18-152:19).

---

[1] Although GREE's corporate witnesses lacked personal knowledge regarding relevant matters and Supercell contends that they were inadequately prepared to testify concerning several of the 30(b)(6) topics, Supercell is not burdening the Court with that issue. *Id.*, ¶ 4. Supercell's noticed depositions of the individuals with personal knowledge will provide Supercell with the necessary testimony.

Less than a week after the Rule 30(b)(6) depositions, Supercell noticed 30(b)(1) depositions of these witnesses for March and April 2020. *Id.*, ¶¶ 4-5; *id.* at Ex. D. GREE's counsel informed Supercell's counsel that based on the coronavirus situation in Japan, its witnesses could not be made available at the noticed location (U.S. Consulate in Osaka), but would be made available as soon as the coronavirus situation improved. *Id.*, ¶ 6; *id.* at Ex. E. At the time, Supercell was amenable to the proposal provided that the depositions could occur at a reasonable time within the case schedule. *Id.*, ¶ 7. Based on the current COVID-19 situation and case schedules, however, GREE's proposal is not workable as the depositions would likely not occur until June at the earliest—after the deadlines for filing dispositive motions and pretrial disclosures. *Id.*, ¶ 8.

Supercell has also issued a 30(b)(6) notice concerning GREE's preservation of documents. *Id.*, Ex. N. Although GREE contends that no preservation issues exist, similar to its position with respect to the 30(b)(1) witnesses, it has represented that it will make a witness available to provide testimony, but only after the travel restrictions are lifted.

### 2. Supercell Would Be Significantly Prejudiced Should the Noticed Depositions Not Occur

The depositions of these witnesses are necessary and critical to Supercell's defense. *First,* GREE has argued in court and confirmed in written discovery responses that it intends to pursue a damages theory premised on its argument that alleged "infringing competition has caused GREE to pull [its US] business back" and shutter operations in the West. *See id.*, Exs. F, L-M. Supercell is entitled to discovery rebutting this argument, including concerning the products that GREE claims were "competing" with Supercell's products.

*Second*, after the depositions of GREE's corporate witnesses—and less than a week before the close of discovery—GREE belatedly identified Clinoppe and Haconiwa as products

practicing the claimed invention and indicated that at least one identified product may constitute prior art. *See id.*, Ex. G. Supercell is entitled to discovery to investigate these issues. Indeed, the noticed individuals were identified during GREE's corporate depositions as having direct personal knowledge of these products.

Supercell has not had other opportunities to conduct depositions on the products alleged to contains features relevant to the asserted patents. Depositions provide a unique means to investigate GREE's claims and to allow Supercell to prepare its defense. *See, e.g.*, *Kentucky v. Stincer*, 482 U.S. 730, 736, 107 S. Ct. 2658, 2662 (1987) ("Indeed, the Court has recognized that cross-examination is the 'greatest legal engine ever invented for the discovery of truth.'" (citations omitted)). Discovery via other means, such as written questions, is not an adequate alternative. *See Martensen v. Koch*, 301 F.R.D. 562, 584–85 (D. Colo. 2014) ("Mr. Koch's counsel proposes that Plaintiff submit questions to which his client will provide written answers, however, this exercise would preclude Plaintiff's counsel from asking immediate and reasonable follow-up questions.").

Moreover, the documents GREE has provided Supercell are not sufficient. For example, to the extent GREE identifies source code as sufficient to show the operation of its products, GREE's own CTO acknowledged that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Turner Decl., Ex. B at 78:10-14; *see also id.* at 79:21-25 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

In an effort to work around the travel restrictions imposed due to the coronavirus pandemic, Supercell proposed reasonable alternatives, such as travel to countries that permit

video depositions and are not covered by any travel restrictions. But GREE has refused this proposal and will not provide any proposal that does not cause substantial prejudice to Supercell.

Accordingly, Supercell respectfully requests that the Court enter an order granting Supercell's motion to compel these depositions to promptly proceed.

### B. GREE Inexplicably Failed to Produce Relevant Emails of the CEO of Its U.S. Subsidiary Alleged to Have Been Competitively Harmed by Supercell

Supercell seeks an order compelling GREE to produce all responsive emails of Andrew Sheppard. And to the extent that emails existed in 2016 or later but are not "available to GREE," Supercell requests that the Court order GREE to provide a sworn affidavit explaining in detail why such emails are not "available to GREE."

Andrew Sheppard was the CEO of GREE's United States-based subsidiary, GREE International and GREE International Entertainment, that developed and distributed games in the United States. The subsidiary run by Mr. Sheppard terminated its operations in 2017. According to GREE, it did so, in part, because of the competitive harm caused by Supercell. *See* Turner Decl., Exs. F, L-M. Supercell requested documents concerning GREE International and GREE International Entertainment, including relating to the competitive harm it allegedly suffered.[2] Pursuant to the E-Discovery Order governing this case, Supercell also propounded e-mail production requests in which it identified Mr. Sheppard as a custodian and provided a set of search terms. *Id.*, Ex. H. GREE, however, failed to produce emails of Mr. Sheppard that should be in its possession. For example, the production lacks responsive emails of Mr.

---

[2] As set forth in the parties Joint Motion to Amend Docket Control Order, the parties are currently attempting to reach a resolution regarding Supercell's request for documents apart from those of Mr. Sheppard. *See* Dkt. No 155 in Case No. 2:19-cv-00070-JRG-RSP; Dkt. No. 144 in Case No. 2:19-cv-00071-JRG-RSP.

Sheppard predating 2017—i.e. the period during which Supercell allegedly caused competitive harm to GREE International and GREE International Entertainment.

While GREE has repeatedly represented that it "produced all [of Mr. Sheppard's] emails prior to 2017 that hit on the requested search terms," (*id*., Ex. I) prior to the date of Mr. Sheppard's deposition, GREE continued to produce emails from other custodians, which Mr. Sheppard would have received and should have hit on Supercell's search terms for Mr. Sheppard, (*id*., Ex. J). To date, GREE has evaded Supercell's requests for an explanation of the missing documents, stating only that it has "collected and searched all of Andrew Sheppard's emails *that are available to GREE*." *Id*., Ex. K (emphasis added).

GREE does not dispute that Mr. Sheppard was an employee of its United States subsidiary prior to 2017. Nor does GREE dispute that it anticipated filing a patent infringement action against Supercell at least as early as 2016. And GREE does not dispute that Mr. Sheppard would have been in possession of relevant documents. Indeed, Mr. Sheppard was the Chief Executive Officer of GREE's United States subsidiary that GREE claims was competitively harmed and forced to close due to Supercell. As such, GREE should have preserved and thus possess Mr. Sheppard's documents that existed at least as of 2016 going forward. *See Escobar v. City of Hous.*, No. 04-1945, 2007 WL 2900581, at *17 (S.D. Tex. Sep. 29, 2007) ("'The obligation to preserve evidence arises when the party has notice that the evidence is relevant to the litigation or when a party should have known that the evidence may be relevant to future litigation.").

Given GREE's failure to produce Mr. Sheppard's emails prior to 2017, Supercell requested that GREE explain why those emails have not been produced. GREE has only stonewalled—repeating that it has "collected and searched all of Andrew Sheppard's emails

*that are available to GREE*." Turner Decl., Ex. K. GREE's conduct suggests that it is either playing a semantic game regarding what is "available to GREE," or the emails no longer exist. Because GREE refuses to address the issue, Supercell is forced to seek redress from the Court.

Accordingly, Supercell requests that GREE be ordered to produce all non-privileged responsive emails of Mr. Sheppard within five days of entry of the order granting this motion to compel, as well as to provide a verified statement indicating whether GREE is currently in possession of Mr. Sheppard's emails that existed in 2016 going forward, and if it does not possess them, a verified statement explaining why it does not current possess them, including whether those documents have been destroyed and the reason for any destruction. *See Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598 (S.D. Tex. 2010) (finding that a party acted in bad faith in deleting relevant emails subject to a preservation obligation where the "proffered reasons and explanations for deleting or destroying the emails and attachments are inconsistent and lack record support.").

### III.   CONCLUSION

For the foregoing reasons, Supercell respectfully requests that the Court grant its Motion.

Dated:   April 24, 2020                    Respectfully submitted,

                                          */s/ Michael J. Sacksteder*
                                          Geoffrey R. Miller
                                          (Texas State Bar No. 24094847)
                                          FENWICK & WEST LLP
                                          902 Broadway, Suite 14
                                          New York, NY 10010
                                          Telephone:   212.430.2600
                                          Email:       gmiller@fenwick.com

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Michael J. Sacksteder (Admitted E.D. Texas)
Bryan A. Kohm (Admitted E.D. Texas)
Christopher L. Larson (Admitted E.D. Texas)
Shannon E. Turner (Admitted E.D. Texas)
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, California 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350
Email: msacksteder@fenwick.com
bkohm@fenwick.com
clarson@fenwick.com
sturner@fenwick.com

Jeffrey Ware (Admitted E.D. Texas)
Jessica M. Kaempf (Admitted E.D. Texas)
FENWICK & WEST LLP
1191 Second Ave., 10th Floor
Seattle, Washington 98101
Telephone: 206.389.4510
Facsimile: 206.389.4511
Email: jware@fenwick.com
jkaempf@fenwick.com

Deron R. Dacus
State Bar No. 00790553
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543
ddacus@dacusfirm.com

*Attorneys for Defendant Supercell Oy*

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certify that (1) that counsel has complied with the meet and confer requirement in Local Rule CV-7(h); and (2) the above-referenced motion is opposed. The personal conference required by Local Rule CV-7(h) was conducted at least on April 9, 2020 by counsel for Supercell and Plaintiff. No agreement could be reached.

                                            */s/ Michael J. Sacksteder*
                                            Michael J. Sacksteder

                                            */s/ Deron R. Dacus*
                                            Deron R. Dacus

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

                                            */s/ Michael J. Sacksteder*
                                            Michael J. Sacksteder

**CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2020, all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).

                                            */s/ Michael J. Sacksteder*
                                            Michael J. Sacksteder