## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| GREE, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 2:19-cv-00070-JRG-RSP |
| | § | |
| SUPERCELL OY, | § | |
| | § | |
| *Defendant.* | § | |

## <u>MEMORANDUM ORDER</u>

Before the Court are two motions: Motion for Relief in View of Governmental/Public Health Restrictions in Response to COVID-19 Virus Impact ("Motion for Relief"), **Dkt. No. 152**, and Motion to Compel Discovery and Depositions ("Motion to Compel), **Dkt. No. 156**, filed by Defendant Supercell Oy. After consideration, the Court denies both motions.

Both Supercell and Plaintiff GREE, Inc. are in the video game industry, with GREE based in Japan and Supercell based in Finland. Contending its patents were being infringed, GREE filed several suits against Supercell in early 2019. The parties have since been steadily progressing towards trial, which is currently set for this August. *See* Dkt. No. 164. However, the COVID-19 pandemic has led to restrictions throughout the world, including the United States, Finland and Japan, making discovery more difficult. In the current motions, Supercell has represented that it cannot depose certain GREE witnesses in Japan due to these restrictions.

Supercell therefore seeks a continuance of the case deadlines in its Motion for Relief. Dkt. No. 152. Supercell also asks that GREE be ordered to make its employees available for depositions in Japan.[1] Dkt. No. 156. The Court held a hearing on these motions on May 8, 2020. *See* Dkt. No. 174.

---

[1] While Supercell's Motion to Compel originally requested other relief as well, the parties entered a stipulation, Dkt. No. 171, wherein Supercell withdrew the other portions of its Motion to Compel leaving only these issues.

In its Motion for Relief, Supercell asks that the trial date in this case be pushed back from its current date in August to late November. Dkt. No. 152 at 11. Supercell contends that such a continuance is required. First, it argues that the current restrictions prevent necessary Rule 30(b)(6) and 30(b)(1) depositions of GREE and its witnesses in Japan. Supercell admits that it already took several Rule 30(b)(6) depositions of GREE in February 2020. However, it contends that GREE's corporate witnesses in those depositions "lacked personal knowledge regarding relevant matters and were not adequately prepared to testify about several of Supercell's 30(b)(6) topics." *Id*. at 4. Therefore, Supercell argues it is entitled to take Rule 30(b)(1) depositions of the individuals identified during the February depositions who purportedly have greater knowledge regarding those topics.

Supercell also argues that it needs Rule 30(b)(6) corporate testimony from GREE on two issues. First, testimony on certain GREE products that allegedly practice the asserted patents. *Id*. at 4–5; *see also* Dkt. No. 156 at 4. Second, testimony on GREE's alleged competitive harm in the United States. Supercell contends these issues only arose after the February depositions. Supercell lastly argues that it has been unable to review certain relevant portions of GREE's source code. Dkt. No. 152 at 8–10.

In its Motion to Compel, Supercell largely restates and amplifies the arguments outlined above. *E.g.*, Dkt. No. 156 at 4 (citing Dkt Nos. 156-3, 156-4 as showing the February depositions of GREE's corporate representatives were unsatisfactory).

GREE counters that, while it is open to providing special accommodations to help Supercell handle its discovery efforts, Supercell's motion asking for a 90-day continuance is excessive. Dkt. No. 160 at 1. GREE argues that the parties already extended the pretrial deadlines in this case due to COVID-19 and a further extension is not necessary. *Id*. at 3 (citing

Dkt. No. 135 at 2–3). GREE contends that Supercell already deposed GREE's corporate representatives and inventor employees and that testimony was sufficient. It argues Supercell has not, and cannot, show that the requested depositions would lead to any additional information beyond that which has already been provided. *Id*. at 5–6. Further, GREE argues that it has offered reasonable alternatives to a continuance, which Supercell summarily rejected. For example, GREE offered to not oppose the depositions occurring after the close of fact discovery, if necessary, or the resulting supplements to expert reports based on those depositions. *Id*. at 8.

Along these same lines, GREE states in its opposition to the Motion to Compel that while it does not oppose the requested depositions at a future time, it literally cannot produce the witnesses now due to Japanese restrictions prohibiting depositions and travel. Dkt. No. 168 at 2.

GREE also argues that Supercell's arguments concerning practicing products and competitive harm are misplaced. GREE claims that it has never released a game in the United States that practiced the asserted claims or could constitute prior art. Dkt. No. 160 at 12. Further, while it identified these games, it "explained in written discovery responses that 'GREE does not contend that any specific game was competitively harmed by any specific instance of infringement by Supercell . . . .'" *Id*. (citing Dkt. No. 160-22). Therefore, GREE argues additional discovery is not needed as the games are not at issue and even if they were, GREE provided extensive discovery on them. Finally, GREE argues that it provided Supercell the requested source code months ago but Supercell "never attempted to inspect GREE's source code, nor even responded to GREE's offer to inspect the source code." *Id*. at 13. GREE also has since agreed to provide remote access to its source code further mooting this issue.

After consideration, the Court is not persuaded by Supercell's argument that its requested discovery justifies the continuance sought. First, Supercell has already deposed GREE's

corporate representatives and inventor employees. Therefore, further depositions would have diminished value. Furthermore, Supercell's arguments regarding the inadequacy of its previous depositions are not persuasive.

Supercell complains that GREE's corporate witnesses in the February depositions "lacked personal knowledge regarding relevant matters and were not adequately prepared to testify about several of Supercell's 30(b)(6) topics." Dkt. No. 152 at 4. As an initial matter, corporate representatives do not need to have personal knowledge. *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) ("Thus, a rule 30(b)(6) designee does not give his personal opinions, but presents the corporation's 'position' on the topic.") (citation omitted).

More importantly, the Court is not convinced that GREE's corporate representatives were unprepared for their depositions. "The persons designated [as corporate representatives] must testify about information known or reasonably available to the organization." FED. R. CIV. P. 30(b)(6). After reviewing the cited evidence, Supercell did not show that GREE's corporate representatives were inadequately prepared. *See e.g.*, Dkt. No. 156 (citing Dkt. Nos. 156-3, 156-4). Supercell complains that the deponents could not answer every single question to Supercell's satisfaction, but that is not the standard. Supercell complains that the deponents identified others having greater knowledge on certain topics, but that also is not the right standard. Instead, the relevant standard is whether the deponents were prepared enough to "testify about information known or reasonably available to [GREE]." FED. R. CIV. P. 30(b)(6). They did.

In any event, Supercell does not seek to depose these representatives on these issues again. Dkt. No. 156 at 4 n.1. Instead, it seeks to depose GREE employees who may have personal knowledge on these issues—a request GREE does not oppose. However, Supercell asks that since these depositions cannot presently occur, the case deadlines be continued for three

months so it has more time to take the depositions.[2] As explained, these additional depositions would have entirely speculative value and therefore, do not justify delaying trial for several months. Supercell had ample time to have accomplished these depositions had it not delayed so late in the schedule to take the Rule 30(b)(6) depositions.  Furthermore, GREE has agreed to provide discovery in other ways, such as through written questions. While not a perfect solution, it gives Supercell an alternative avenue in which to obtain the information it seeks.

Along the same lines, Supercell has not persuasively shown that the issues concerning practicing products and competitive harm justify a continuance. The biggest problem with these arguments is that they appear to consist mostly of speculation. When prompted at the hearing, Supercell could not provide a concrete reason why a deposition was needed on these topics. Further supporting this point is that GREE has represented that it provided much discovery on these topics and would be willing to provide even more if requested. Dkt. No. 160 at 12. Therefore, depositions on these topics do not justify Supercell's requested continuance.

Supercell's purported inability to review source code also does not justify its request for a continuance. For one, it does not appear to be a live issue in light of GREE's representation that it made the source code available remotely. *Id*. at 13. The parties represented at the hearing that they had not yet properly met and conferred on this issue even at this late date. Lastly, even if some source code is not available, its minimal value does not justify the high cost of a 3-month continuance.

---

[2] While Supercell asks for a 3-month continuance, it is not at all clear that even if its request was granted, it would be able to take the depositions in that time. No one knows for sure when this pandemic will end and countries will begin to ease restrictions. Beyond that, the Court is aware that taking a deposition in Japan is a complicated process that can take months to set up. Thus, even if the deadlines are delayed for 3 months, Supercell may still be then in the same position as now.

Finally, Supercell asks this "Court to enter an order granting Supercell's motion to compel these depositions to promptly proceed." Dkt. No. 156 at 7. However, Supercell is asking for an impossibility—one also contrary to this Court's standing orders. *See* U.S. Embassy & Consulates in Japan, *Depositions in Japan*, https://jp.usembassy.gov/u-s-citizen-services/attorneys/depositions-in-japan/ (last visited May 11, 2020, 10:32 AM) (showing that Americans cannot presently take depositions in Japan); *see also* Standing Order Regarding Pretrial Procedures in Civil Cases Assigned to Chief District Judge Rodney Gilstrap During the Present Covid-19 Pandemic at ¶ 16 ("There will be no in-person depositions conducted during the pandemic.").

Accordingly, the motions are denied.

**SIGNED this 20th day of May, 2020.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE