**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| GREE, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:19-cv-00070-JRG-RSP |
| | § | |
| SUPERCELL OY, | § | |
| | § | |
| *Defendant*. | § | |

## <u>MEMORANDUM ORDER</u>

Before the Court is the Motion for Leave to Amend P.R. 3-3 Invalidity Contentions

("Motion"), filed by Defendant Supercell Oy ("Supercell"). Dkt. No. 142. Supercell seeks leave

to amend its invalidity contentions to add a prior art reference discovered during a search occurring

near the end of fact discovery. After consideration, the Court **DENIES** Supercell's Motion.

## I.    BACKGROUND

Plaintiff GREE, Inc. ("GREE") and Supercell have been engaged in a series of litigations

in this Court for over a year. As part of this series, GREE asserted U.S. Patent Nos. 9,604,137

("the '137 patent") and 9,956,481 ("the '481 patent") against Supercell. In compliance with Patent

Rule 3-3, Supercell served GREE its infringement contentions on September 19, 2019. Dkt. No.

77; *see also* Dkt. No. 62. Supercell now seeks to amend those infringement contentions pursuant

to Patent Rule 3-6. That rule allows an amendment to "be made only by order of the Court, which

shall be entered only upon a showing of good cause." P.R. 3-6(b). Supercell argues good cause

exists since GREE's interpretation of two claim terms during its claim construction briefing

unexpectedly caused Supercell to reevaluate its invalidity theories.

On December 10, 2019, the parties submitted a joint claim construction and prehearing

statement. In that statement, GREE stated that the two terms relevant to this motion—"player

character" and "game content"—should be given their plain and ordinary meaning. That same day, GREE served Supercell its expert declaration on claim construction. A few months later, on February 25, 2020, GREE filed its opening claim construction brief, followed by Supercell's response on March 10, and GREE's reply on March 17. After holding a claim construction hearing on April 14, the Court issued a claim construction opinion and order.

Meanwhile, Supercell contends it was surprised by the positions taken by GREE in its claim construction briefing, and decided to conduct a further prior art search. During the search, Supercell identified, purportedly for the first time, the game Baten Kaitos Origins for Nintendo GameCube as potentially relevant prior art to the '137 patent and the '481 patent. Supercell disclosed this reference to GREE on April 2 and filed the current motion on April 15.

The deadline to serve expert reports and complete fact discovery was then set on May 1, just two weeks after this motion was filed. Dkt. No. 164. The deadline to complete expert discovery was June 5. The deadline to file dispositive motions and motions to strike expert testimony was June 8. The pretrial conference is scheduled for July 20 with trial on August 3.

## II.    LEGAL STANDARD

The Local Patent Rules for the Eastern District of Texas deem a party's "Invalidity Contentions" as that party's final contentions with few exceptions. P.R. 3-6(a). The most relevant exception is that amendment to a party's invalidity contentions "may be made only by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b).

"[A] prerequisite to good cause is a showing of diligence." *Mortg. Grader, Inc. v. First Choice Loan Servs. Inc.*, 811 F.3d 1314, 1321 (Fed. Cir. 2016) (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006)). "The party seeking to amend its contentions bears the burden of proving it acted with diligence." *Id.* (citation omitted).

Generally, the critical issue is not what the party did after they discovered the prior art; rather, the critical issue is whether or not the party seeking to amend exercised diligence in discovering the prior art. *Invensys Sys, Inc. v. Emerson Elec. Co.*, No. 6:12-CV-799, 2014 WL 12598865, at *3 (E.D. Tex. Dec. 3, 2014) (citing *Symantec Corp. v. Acronis Corp.*, No. 11-5310 EMC (JSC), 2013 WL 5368053, at *5 (N.D. Cal. Sept. 25, 2013)).

Courts in this District routinely consider four factors to determine whether good cause has been shown: "(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows that thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015); *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).

### III.    ANALYSIS

Supercell has the burden of proving good cause exists through a showing that it was diligent. After considering the relevant factors, Supercell has failed to meet its burden.

#### a.   Explanation

The first factor is Supercell's explanation for its failure to meet the deadline. Supercell served its infringement contentions on September 19, 2019, but it filed this motion on April 15, 2020, over six months later. It attempts to explain this time difference away by arguing GREE did not disclose its true claim construction position for both disputed terms until GREE's reply claim construction brief, which was filed on March 17, 2020. Supercell explained that up until then, GREE took the position that the relevant terms should be construed with their plain and ordinary meaning without providing any explanation of what that meant. Due to this, Supercell contends that it misunderstood GREE's position as it relates to the disputed terms. Only after the claim

construction briefing was complete did Supercell claim to finally understand GREE's position. At that point, it realized its invalidity contentions were lacking. Thereafter, Supercell argues it was actually quite diligent since it conducted a prior art search, identified the Baten Kaitos Origins reference, charted the reference, disclosed it to GREE, and filed the present motion—all within a month of learning of GREE's "new and surprising" construction. Dkt. No. 142 at 4.

GREE provides two reasons why it believes Supercell's arguments are meritless. First, it argues Supercell had no reason not to understand GREE's positions as to the disputed terms. Second, it argues that Supercell did not adequately explain why it did not identify this new reference previously.

GREE's first argument is that the text of the claims themselves as well as Supercell's own construction clearly correspond with GREE's allegedly surprising construction. Further, GREE argues it explicitly made Supercell aware of its position by at least December 10, 2019, when it served its expert declaration, which contained an explanation of GREE's positions. *See* Dkt. No. 159-1 at 3. Therefore, GREE argues that its position on the disputed terms were crystallized by at least December 10 such that Supercell cannot reasonably claim to have misunderstood GREE's position afterwards.   GREE further contends that Supercell's counsel demonstrated an understanding of this construction when GREE's expert was deposed on December 17.

As for the second argument, GREE explains that Baten Kaitos Origins was released in 2006 on a popular gaming platform and is still listed on numerous websites. Further, Supercell relied on similar card-based battle video games as prior art references. Taken together, GREE argues that Supercell had ample opportunity and ability to find this prior art reference long ago. According to GREE, the fact that Supercell did not conduct the prior art search and disclose its finding until months later evidences Supercell's lack of diligence in discovering the prior art.

The Court finds Supercell's explanation lacking in three major ways. First, Supercell does not adequately explain why it did not understand GREE's claim construction positions until the conclusion of the claim construction briefing despite GREE's previous disclosures, such as its expert declaration. Second, Supercell does not adequately explain why its misunderstanding of GREE's claim construction positions stopped it from previously identifying Baten Kaitos Origins as potentially relevant prior art. Finally, Supercell does not adequately explain why GREE's proposed construction would cause Supercell to need to change its invalidity position and require new prior art. Therefore, Supercell's explanation is insufficient and, thus, weighs against allowing the invalidity contentions amendment.

### b.  Importance

The second factor is the importance of Supercell's amendment. Supercell argues that the reference is highly relevant as it "anticipates and/or renders obvious *all* claims of the patents." Dkt. No. 142 at 7. GREE responds that Supercell does not explain why this reference, as opposed to the other references already identified by Supercell, is somehow critical to this particular issue.

Supercell's reply attempts to explain the unique importance of this reference without reducing the necessity of the other references. While this may be smart on a global level, it dooms Supercell's argument of importance as Supercell fails to meaningfully distinguish this reference from Supercell's timely prior art references. Since Supercell does not show why this particular reference is uniquely important, this factor weighs against allowing the amendment.

### c.  Potential Prejudice

The third factor is the potential prejudice if Supercell's amendment is allowed. Supercell argues that this proposed amendment would not cause any prejudice to GREE since the amended

invalidity contentions were served prior to the Markman hearing and before expert disclosures and discovery, giving GREE sufficient time to address the contentions.

GREE responds that Supercell should have known about GREE's claim construction position by at least December 11, 2019 yet failed to do anything for months, preventing GREE from taking this reference into account. It points to the fact that by the time the briefing on this motion was complete, claim construction proceedings and fact discovery were already closed with the expert discovery deadline soon after. Finally, it argues that it relied on Supercell's original invalidity contentions in developing its theories and a change at this stage of the case would be unfairly prejudicial to it. *See* Dkt. No. 159 at 8–9 (collecting cases).

At this point, expert discovery has closed and the parties are preparing for trial next month. The Court finds that at this late stage, GREE would suffer clear prejudice. Therefore, this factor weighs against allowing the amendment.

### d.  Availability of a Continuance

The fourth and final factor is the availability of a continuance to cure such prejudice. Supercell does not discuss this factor. As Supercell has the burden, its failure to address this factor weighs against it.

### IV.    CONCLUSION

In sum, none of the factors weigh in favor of Supercell. Therefore, Supercell has not shown that good cause exists to allow its amendment. Accordingly, the Court denies Supercell's Motion.

**SIGNED this 2nd day of July, 2020.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE