**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| GREE, INC., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. 2:19-cv-00070-JRG-RSP |
| SUPERCELL OY, | § § § | |
| *Defendant*. | § § § | |

**MEMORANDUM ORDER**

Before the Court is Defendant Supercell Oy's ("Supercell") Motion to Strike the Testimony of GREE, Inc.'s Technical Expert, Dr. Robert Akl, Relating to Improper Claim Constructions ("Motion"). **Dkt. No. 205.** Supercell's Motion seeks to strike Dr. Robert Akl's opinions in Rebuttal Expert Report of Dr. Robert Akl, D.Sc. Regarding Validity of United States Patent Nos. 9,604,137; 9,956,481; 9,774,655; and 9,795,873 ("Akl Rebuttal Report") regarding the term "shooting effective range". The Court identifies these opinions as cited at ¶¶469-475, ¶¶508-511, and ¶¶567-572. Dkt No. 205-2. After due consideration, the Court **DENIES** the Motion.

**I.   BACKGROUND**

On May 8, 2020, the Court issued a Claim Construction order construing, among other terms, the term "shooting effective range" in U.S. Patent No. 9,798,873. Dkt. No. 175. The Court construed "shooting effective range" to mean a "range in which an attack target can be hit." *Id.* at 49. The Court noted that "[t]he issue in dispute is whether 'shooting effective range' in the '873 Patent is a range within which shooting necessarily is effective." *Id.* at 48.

GREE's expert, Dr. Robert Akl ("Dr. Akl") served the Akl Rebuttal Report in which he challenges Supercell's expert's invalidity opinions. Dkt. No. 205-2. In his report Dr. Akl opines that certain prior art does not meet the limitation "display a frame indicative of a shooting effective range in accordance with a position of the first touch operation." *Id.* Supercell's Motion seeks to strike these opinions. Dkt. No. 205.

## II. LEGAL STANDARD

Claim construction is a matter of law "exclusively" within the Court's purview. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 387 (1996). Experts can offer opinions on how a court's claim constructions should be applied to the facts of a case, but when an expert's testimony is based on an "incorrect understanding of the claim construction," the Court "must disregard the testimony. *Cordis Corp. v. Boston Sci. Corp.*, 658 F.3d 1347, 1357 (Fed. Cir. 2011).

## III. ANALYSIS

Supercell argues that Dr. Akl improperly opines that the scopes and iron sights of alleged prior art do not meet the claim language. Dkt. No. 205 at 7. Supercell asserts that "his reasoning is simply that there are 'certain areas of the scope' where a target will not be hit" and that "his opinion is that an attack target must hit everywhere within the frame, in order to meet the claim language." *Id.* The argument continues that Dr. Akl's opinion "requires that a target within the scope is necessarily hit in all areas of the scope" and that it contradicts and disregards the Court's claim construction for "shooting effective range." *Id.*

GREE counters that this argument mischaracterizes Dr. Akl's testimony by claiming that "his opinion is that an attack target must hit everywhere within the frame, in order to meet the claim language." Dkt. No. 233 at 2. GREE asserts that Dr. Akl actually testified that "if they are

in some areas of the scope within the area of the scope, then it cannot be hit." *Id.* at 4, citing Dkt. No. 233-3 at 11.

The Court construed "shooting effective range" in the Claim Construction Order as a "range in which an attack target can be hit." Dkt. No. 175. The Court noted that "[t]he issue in dispute is whether 'shooting effective range' in the '873 Patent is a range within which shooting necessarily is effective." *Id.* at 48.

Inverting the statement "if it is a range in which an attack target can be hit, it is a shooting effective range" yields the statement "if it is not a range in which an attack target can be hit, it is not a shooting effective range." Likewise, "if it is a range in which an attack target cannot be hit, it is not a shooting effective range." If there is a point in an accused "shooting effective range" wherein an attack target can't be hit, then it is not within a shooting effective range as construed by this Court.

To support Supercell's Motion, Supercell cites Dr. Akl's deposition twice. Dkt. No. 205 at 6-7. The cited exchanges are reproduced here.

> "A. Here the targets is, you can only hit where – so the target is away from the crosshairs so you cannot hit them. They have to be in the crosshairs. So I provide a couple different examples where the target cannot be hit.
> So in this specific example, the target is not in the crosshairs. So they cannot be hit."
>
> "Q. So I just want to make sure, going back to paragraph 470 and the issue with the crosshairs, the target can be hit if the crosshairs are over the target, correct? [objection omitted]
> The Witness: Yes."

Supercell asserts that this exchange shows that "[t]here is no dispute that a target that is within the scope and/or iron sight of the alleged prior art can, **in certain instances**, be hit." Dkt.

No. 205 at 6.[1] These "certain instances," as shown by the cited testimony, are when the target is in the crosshairs. *Id.* The consequential reality of these instances is that when a target is within the scope and/or iron sight of the alleged prior art, and is not in the crosshairs, then the target necessarily cannot be hit. If the target necessarily cannot be hit, it is not a "shooting effective range" as the Court has construed it.

Supercell might argue that the crosshairs may be moved over the target, making the target within a shooting effective range. This raises the question whether, until those crosshairs are moved, the target is not within a shooting effective range. After reviewing the cited sections of the Akl Rebutal Report, the Court does not find that Dr. Akl has improperly construed "shooting effective range." Whether the prior art meets the limitation is a question of fact.

## IV.    CONCLUSION

In sum, the Court finds that Dr. Akl has not improperly construed "shooting effective range" in the Akl Rebuttal Report. Therefore, the Court **DENIES** Supercell's Motion.

**SIGNED this 20th day of July, 2020.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[1] Emphasis added.