**IN THE UNITED STATES
DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| GREE, INC., | § | |
| | § | Case No. 2:19-cv-00070-JRG-RSP |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| SUPERCELL OY, | § | |
| | § | |
| *Defendant*. | § | |

**<u>MEMORANDUM ORDER</u>**

Before the Court is Plaintiff GREE, Inc.'s ("GREE") Motion to Exclude Portions of Expert Testimony Pursuant to *Daubert* (the "Motion"). (Dkt. No. 199). Having considered the Motion, the Court finds that it should be and hereby is **GRANTED-IN-PART AS MODIFIED** and **DENIED-IN-PART**.

I. **PROCEDURAL AND FACTUAL HISTORY**

On February 27, 2019, GREE filed a Complaint for patent infringement against Supercell Oy ("Supercell") alleging that Supercell infringes U.S. Patent Nos. 9,604,137 (the "'137 Patent"); 9,956,481 (the "'481 Patent"); 9,774,655 (the "'655 Patent"); and 9,795,873 (the "'873 Patent") (collectively, the "Patents-in-Suit"). (Dkt. No. 1). As part of the progression of this case, Supercell served the Expert Reports and Rebuttal Expert Reports of Mr. Stacy Friedman and Dr. José Zagal, its technical experts. (Dkt. Nos. 199-2, 199-3, 199-4). GREE alleges that, in Mr. Friedman's and Dr. Zagal's Rebuttal Reports, Mr. Friedman and Dr. Zagal offer opinions regarding Supercell's subjective intent and its good-faith belief that it does not infringe in support of Supercell's argument that it has not induced infringement. (Dkt. No. 199-3 at ¶¶ 392, 395; Dkt.

No. 199-4 at ¶¶ 274, 277). GREE now moves under Federal Rule of Evidence 702 to exclude certain opinions of Mr. Friedman and Dr. Zagal regarding Supercell's alleged intent and good faith belief that it does not induce infringement. (Dkt. No. 199 at 1). GREE also alleges that Mr. Friedman's obviousness analysis is insufficient to support a jury finding of obviousness because Mr. Friedman fails to analyze obviousness on an element-by-element basis, identity differences between the claims and the prior art, and provide a motivation to combine the asserted references. (*Id.*). As such, GREE moves to strike Mr. Friedman's opinions regarding obviousness found in paragraphs 851–1037 of his Opening Expert Report. (*Id.*).

## II. LEGAL AUTHORITY

Federal Rule of Evidence 702 provides that a witness who is "qualified by knowledge, skill, experience, training, or education," may provide opinion testimony if that testimony will assist the trier of fact and: (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. Fed. R. Evid. 702. The witness must possess "knowledge, skill, experience, training, or education" in the relevant field in order to be qualified to express his expert opinion on the topic in issue. *Id.* "The proponent of expert testimony [] has the burden of showing that the testimony is reliable." *United States v. Hicks*, 389 F.3d 514, 525 (5th Cir. 2004).

As a threshold inquiry into admissibility, any expert testimony offered or introduced by a party must "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Accordingly, district courts must exclude evidence that is based on unreliable principles or methods, legally insufficient facts and data, or where the reasoning or methodology is not sufficiently tied to the facts of the case. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999).

With these basic principles in mind, the Court turns to the standards set forth for determining obviousness under 35 U.S.C. § 103.

An invention is obvious if "the differences between the patented subject matter and the prior art would have been obvious at the time of invention to a person of ordinary skill in the art." *In re Translogic Tech., Inc.*, 504 F.3d 1249, 1258 (Fed. Cir. 2007) (quoting *In re Gartside*, 203 F.3d 1305, 1319 (Fed. Cir. 2000)). Under *Graham v. John Deere Co.*, this approach requires analysis of four factors: (1) the scope and content of the prior art; (2) the differences between the prior art and the asserted claims; (3) the level of ordinary skill in the art; and (4) objective indicia of non-obviousness. 383 U.S. 1, 17 (1966).

"In the context of obviousness, generic expert testimony which is conclusory and factually unsupported will be insufficient under Daubert to reach a jury." *Cellular Commc'ns Equip., LLC v. Apple Inc.*, No. 6:14-CV-251, 2016 WL 6884076, at *2 (E.D. Tex. Aug. 30, 2016) (internal quotation omitted). Rather, this analysis must be performed on an element-by-element basis, *see, e.g.*, *Tech Pharmacy Servs., LLC v. Alixa Rx LLC*, No. 4:15-CV-766, 2017 WL 3283324, at *2 (E.D. Tex. Aug. 2, 2017), and "there must be some articulated reasoning with some rational underpinning to support the legal conclusion of obviousness." *In re Kahn*, 441 F.3d 977, 988 (Fed. Cir. 2006); *see also KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 401 (2007) ("To facilitate review, this analysis should be made explicit.").

### III. DISCUSSION

#### a. Mr. Friedman's and Dr. Zagal's Good-Faith Belief Opinions

GREE moves to exclude Mr. Friedman's and Dr. Zagal's opinions regarding Supercell's intent and good faith belief because it claims these opinions invade the province of the jury and that both Mr. Friedman and Dr. Zagal lack any special knowledge that allows them to opine as to

Supercell's subjective intent. (Dkt. No. 199 at 4 (citing *Advanced Tech. Incubator, Inc. v. Sharp Corp.*, No. 2:07-cv-468, 2009 WL 4669854, at *5 (E.D. Tex. Sept. 15, 2009))). Supercell argues that Mr. Friedman and Dr. Zagal only provide these rebuttal opinions because GREE's expert, Dr. Akl, opened the door in opining that "Supercell actively and intentionally induced" infringement in his opening report. (Dkt. No. 232-2 at ¶¶ 368–78). As such, Supercell argues that it should be able to rebut Dr. Akl's expert opinions on the ultimate issue of Supercell's subjective intent. (Dkt. No. 232 at 1–2). Supercell argues that if Mr. Friedman and Dr. Zagal are not allowed to opine as to Supercell's intent, GREE's expert, Dr. Akl, should not be allowed to either. (*Id.* at 2). Additionally, Supercell argues that Mr. Friedman's and Dr. Zagal's opinions do no more than address the strength of Supercell's non-infringement defenses, and as such, are proper. (*Id.* at 2–3).

"[E]vidence of intent . . . is required to prove induced infringement." *Ecolab, Inc. v. FMC Corp.*, 569 F.3d 1335, 1351 (Fed. Cir. 2009), *amended on reh'g in part*, 366 F. App'x 154 (Fed. Cir. 2009). However, it is undisputed that it is improper for an *expert* to opine as to the subjective belief or intent of a corporate entity. (Dkt. No. 277 at 2; Dkt. No. 311 at 1). Indeed, "the question of intent is a classic jury question and not one for the experts." *Retractable Techs. Inc. v. Abbott Labs., Inc.*, No. 5:05-cv-157, 2010 WL 11531436, at *5 (E.D. Tex. June 18, 2010). Furthermore, "intent, motives or states of mind of corporations . . . have no basis in any relevant body of knowledge or expertise." *Id.* (citations omitted). Yet, both parties' experts attempt to offer expert opinions as to Supercell's subjective intent or belief when it comes to induced infringement. This is improper and unhelpful to the jury.

Experts can opine, however, on the underlying facts that may show a party's state of mind. *Spreadsheet Automation Corp. v. Microsoft Corp.*, 587 F. Supp. 2d 794, 803 (E.D. Tex. 2007). To the extent that Dr. Akl, Mr. Friedman, or Dr. Zagal provides opinions regarding underlying facts

4

that may show a party's state of mind, those opinions are proper. Specifically, it is proper for Dr. Akl to provide his expert opinion that certain of Supercell's ads or marketing materials direct users to perform a claim limitation. (Dkt. No. 232-2). However, it is improper for Dr. Akl to opine that "Supercell actively and intentionally induced" infringement, and thereby opine as to the ultimate issue of intent reserved for the factfinder. (*Id.* at ¶¶ 368–69). Similarly, it is improper for Supercell's experts, Mr. Friedman and Dr. Zagal, to opine that Supercell had a "good-faith belief" that it did not infringe and thus could not induce infringement. (Dkt. No. 199-3 at ¶¶ 392, 395; Dkt. No. 199-4 at ¶¶ 274, 277). However, Mr. Friedman and Dr. Zagal are free to opine that Supercell does not induce infringement because, in their expert opinions, they do not believe Supercell directly infringes the Patents-in-Suit. (Dkt. No. 199-3 at ¶ 393).

### b. Mr. Friedman's Obviousness Expert Opinions

Supercell contends that Mr. Friedman's obviousness analysis is proper under *KSR* because he provides an element-by-element analysis of each prior art reference combination and articulates a proper motivation to combine such prior art references. (Dkt. No. 232 at 5–6); s*ee KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398 (2007). Supercell argues that Mr. Friedman provides an element-by-element description of what is disclosed by the combination of references. (Dkt. No. 232 at 4–5). Furthermore, Supercell contends that Mr. Friedman's stated motivations to combine are proper because "Mr. Friedman provides a detailed explanation of the motivation to modify (i.e. combine) the references, including (but not limited to) explaining the benefit of the resulting combination and the impact on gameplay, the predictability of the modifications, lack of unexpected results, and the history of combining similar features/games." (Dkt. No. 311 at 5). Accordingly, Supercell argues that Mr. Friedman's obviousness analysis satisfies Rule 702 and *Daubert*.

In his obviousness analysis, Mr. Friedman provides a detailed element-by-element analysis

of the combined prior art references. (Dkt. No. 232-5 at ¶¶ 851–1051). It appears GREE believes Mr. Friedman must admit that certain claim elements are not met by an asserted single prior art reference in order to allege the same reference in combination. This is not so. An expert is free to opine that a prior art reference both anticipates each and every claim limitation of the asserted claims, and also renders the claim obvious in combination. As Mr. Friedman does here, an expert can do so by showing in detail how prior art references can be combined, pulling at least one claim element from a different prior art reference, to satisfy each and every claim limitation. For example, in analyzing the combination of Arcomage and Battleforge in paragraph 882 of his Opening Expert Report, Mr. Friedman relies on Arcomage, but not Battleforge, to disclose limitations present in claim 2 of the '137 Patent. (*Id*. at ¶ 882). Similarly, in analyzing the same combination, Mr. Friedman relies solely on Battleforge for the limitation that a control unit "does not display the second parameter value in the second field" found in claim 6 of the '481 Patent. (*Id*. at ¶ 905). Accordingly, Mr. Friedman's analysis properly discloses how to combine the asserted prior art and should not be excluded under Rule 702 and *Daubert*.

      Mr. Friedman also adequately discloses motivations to combine the asserted prior art. Mr. Friedman identifies individualized motivations to combine for each of the asserted prior art combinations. (Dkt. No. 232 at 7). For example, Mr. Friedman first explains the similarities and differences between two prior art references asserted in combination—Magic the Gathering ("Magic") and Battleforge. (Dkt. No. 232-5 at ¶ 910). Then, Mr. Friedman explains that a PHOSITA would be motivated to combine Magic with Battleforge because it combines "known game functionality from two known games in the same genre and market," "the results would be predictable to a PHOSITA," and because Battleforge itself is a similar "combination of prior CCG and RTS game features." (*Id*.). In *KSR*, the Supreme Court found motivations to combine such as

these to be acceptable. *See KSR*, 550 U.S. at 416–18. Mr. Friedman also provides similarly individualized motivations to combine for each of the other asserted prior art combinations throughout his report. (*See, e.g.*, *id.* at ¶¶ 868–69). As such, Mr. Friedman adequately discloses motivations to combine the asserted prior art references in his obviousness analysis.

## IV. CONCLUSION

In light of the foregoing, the Court finds that GREE's Motion to Exclude Portions of Expert Testimony Pursuant to *Daubert* should be and hereby is **GRANTED-IN-PART AS MODIFIED** and **DENIED-IN-PART**. (Dkt. No. 199). The Court strikes the expert opinions regarding Supercell's "good-faith belief" in paragraphs 392 and 395 of Mr. Friedman's Rebuttal Expert Report and paragraphs 274 and 277 of Dr. Zagal's Rebuttal Expert Report. Furthermore, the Court strikes Dr. Akl's expert opinions that Supercell "actively and intentionally" induced infringement found in paragraphs 368 and 369 of his Expert Report. However, the Court finds that Mr. Friedman's obviousness analysis satisfies Rule 702 and *Daubert* and should not be stricken on those grounds.

**SIGNED this 27th day of July, 2020.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE