IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GREE, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:19-cv-00070-JRG-RSP |
| | § | |
| SUPERCELL OY, | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

**MEMORANDUM ORDER**

Before the Court is Plaintiff GREE, Inc.'s ("GREE") Motion to Strike Portion of Expert Reports of José Zagal and Stacy Friedman Regarding Improper Claim Construction ("Motion"). **Dkt. No. 207.** GREE's Motion seeks to strike some of Dr. José Zagal's ("Dr. Zagal") opinions in the Rebuttal Expert Report of José Zagal ("Zagal Rebuttal Report") regarding the terms "touch operation," "shooting effective range," and "display data" as well as Mr. Stacy Friedman's ("Mr. Friedman") opinions in Rebuttal Expert Report of Stacy Friedman ("Friedman Rebuttal Report") regarding an assertedly required order of steps in several claims. *Id.* The Court identifies these opinions as cited in the Zagal Rebuttal Report at ¶¶ 186, 198–200, 211, 217–224, 246, 249, 257, 263–264, 267–268; ¶¶ 228–230, 246, 249, 257, 264; ¶¶ 70, 151, 164; and in the Friedman Rebuttal Report at ¶¶ 25–27, 141–149, 153–161, 198–199, and 218–387 . Dkt No. 207 at 7-9.

After due consideration, the Court **GRANTS-IN-PART** the Motion. The Court **STRIKES** Zagal Rebuttal Report ¶¶ 186, 198-200, and 217-221 and Friedman Rebuttal Report ¶¶ 25-26, 142, 146-147, 270, 274-279, 282, 288-291, 347, and 381.

I. **BACKGROUND**

On May 8, 2020, the Court issued a Claim Construction order construing, among other terms, the terms "touch operation," "shooting effective range," and "display data" in U.S. Patent Nos. 9,605,137 (the "'137 Patent"), 9,774,655 (the "'655 Patent"), 9,795,873 (the "'873 Patent"), and 9,956,481 (the "'481 Patent"). Dkt. No. 175. The Court construed "touch operation" to mean "operation that involves the user's finger or other object, such as a stylus, on the touch panel." *Id.* at 53. The Court construed "shooting effective range" to mean a "range in which an attack target can be hit." *Id.* at 49. The Court noted that "[t]he issue in dispute is whether 'shooting effective range' in the '873 Patent is a range within which shooting necessarily is effective." *Id.* at 48. The Court did not construe "display data." *See* Dkt. No. 175.

Supercell's expert Dr. Zagal served the Zagal Rebuttal Report in which he presents noninfringement opinions regarding the terms "touch operation," "shooting effective range," and "display data." Dkt. No. 207-2 at 4–6, 8, 10, 16–17, 23–26, 28–29, 34–35, 37. Supercell's expert Mr. Friedman served the Friedman Rebuttal Report in which he presents opinions regarding the required order of steps in the '137 Patent and the '481 Patent and asserts Clash of Clans' noninfringement. Dkt. No. 207-4 at 3, 10–13, 15–18, 26–27, and 33–88. GREE's Motion seeks to strike these opinions. Dkt. No. 207.

II. **LEGAL STANDARD**

Claim construction is a matter of law "exclusively" within the Court's purview. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 387 (1996). Experts can offer opinions on how a court's claim constructions should be applied to the facts of a case, but when an expert's testimony is based on an "incorrect understanding of the claim construction," the Court "must

disregard the testimony. *Cordis Corp. v. Boston Sci. Corp.*, 658 F.3d 1347, 1357 (Fed. Cir. 2011).

### III. ANALYSIS

#### a. Touch Operation

Supercell asserts that Dr. Zagal's opinions "preserved his basis to argue that Supercell's Brawl Stars does not infringe the 'touch operation' limitations of the '873 patent should Chief Judge Gilstrap grant Supercell's objection to the Claim Opinion for that term." Dkt. No. 238 at 4. Chief Judge Gilstrap has not granted Supercell's objection to the claim construction for that term. Dkt. No. 358.

Accordingly, the Court will strike Dr. Zagal's opinions regarding "touch operation" that are contradictory to the Court's construction. The Court identifies these improper opinions as located at ¶¶ 186, 198-200, and 217-221 of the Zagal Rebuttal Report.

#### b. Shooting Effective Range

Supercell asserts that Dr. Zagal's opinions regarding "shooting effective range" are to show noninfringement "should GREE reassert its previous claim construction." Dkt. No. 238 at 5. Supercell argues "to the extent Dr. Akl and GREE are permitted to argue for invalidity that shooting must be effective in the claimed frame, Supercell and Dr. Zagal should be permitted to show that Supercell's Brawl Stars does not infringe as shown in paragraph 228 of Dr. Zagal's rebuttal report." *Id.* However, Dr. Akl and GREE are not permitted to argue for invalidity "that shooting must be effective in the claimed frame" since such an argument is contradictory to the Court's construction.

Supercell also states, "Supercell has moved to strike the expert invalidity rebuttal report of Dr. Akl for advocating GREE's rejected claim construction for this same reason." *Id.* As

discussed in the order denying that motion, Dr. Akl's opinions do not assert "that shooting must be effective in the claimed frame." The Court's construction for "shooting effective range" requires neither that shooting must be effective nor that shooting be ineffective, rather that shooting can be effective. The possibility that shooting can be effective does not preclude the possibility that shooting can alternatively be ineffective, that is the distinction between "can be" and "must be."

After reviewing the sections of Zagal's Rebuttal Report that GREE cited, the Court cannot determine that any of them improperly construe "shooting effective range." As stated, the Court's construction for "shooting effective range" requires neither that shooting must be effective nor that shooting be ineffective, rather that shooting can be effective. The cited sections evidence that shooting may be ineffective in Brawl Stars, but do not appear to require an improper construction of "shooting effective range" as "necessarily effective."

    c. **Display Data**

GREE next asserts that Dr. Zagal's opinions regarding "display data" engage in improper claim construction. GREE notes that "terms that are not unfamiliar or confusing to the jury, or affected by the specification or prosecution history need no construction. Dkt. No. 207 at 7, citing *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008).

Dr. Zagal's supposed construction of "display data" is found in Zagal Rebuttal Report ¶ 70, which states, "[f]urther, a person of ordinary skill reading the '655 patent would understand that 'display data' refers to the art assets, such as images and graphical elements (e.g. buttons) shown on the user interface." This does not amount to a construction, but rather a factual assertion of how a person of ordinary skill in the art would understand "display data."

GREE does not identify any inconsistency with the plain and ordinary meaning, and only presents attorney argument that "[a] lay juror understands the plain and ordinary meaning of 'display data'" as "data that is displayed." Dkt. No. 278 at 3. GREE does not articulate any argument that "art assets, such as images and graphical elements (e.g. buttons) shown on the user interface" is inconsistent with "data that is displayed." Accordingly, the Court cannot find on this record that Dr. Zagal did improperly construe the term "display data." Thus, exclusion on this basis is improper.

### d. Order of Operations

GREE asserts that Mr. Friedman's rebuttal report improperly construes Claims 2, 5, 8, 10, 15 and 17 of the '137 Patent and all claims of the '481 Patent as requiring an order of "Select, Remove, Update, Subtract, and Add." Dkt. No. 207 at 8. As discussed in the Report and Recommendation regarding Supercell's Motion for Summary Judgment of No Infringement of U.S. Patent Nos. 9,604,137 (the "'137 Patent") and 9,956,481 (the "'481 Patent") (Dkt. No. 200), such a construction is improper. Dkt. No. 355.

Accordingly, the Court finds Dr. Friedman's opinions that require an order of "Select, Remove, Update, Subtract, and Add" for infringement are contradictory to the Court's construction and they shall be struck. The Court identifies these improper opinions as located at ¶¶ 25-26, 142, 146-147, 270, 274-279, 282, 288-291, 347, and 381 of the Friedman Rebuttal Report.

### IV. CONCLUSION

In sum, the Court finds that some of Dr. Zagal's opinions regarding "touch operation" are contradictory to the Court's construction and shall be struck and that some of Mr. Friedman's opinions regarding the required order of certain steps are contradictory to the Court's

construction and shall be struck. Therefore, the Court **GRANTS-IN-PART** GREE's Motion. The Court **STRIKES** Zagal Rebuttal Report ¶¶ 186, 198-200, and 217-221 and Friedman Rebuttal Report ¶¶ 25-26, 142, 146-147, 270, 274-279, 282, 288-291, 347, and 381.

**SIGNED this 5th day of August, 2020.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE