# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| GREE, INC., | § | The Honorable Rodney Gilstrap |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 2:19-cv-00070-JRG |
| v. | § | 2:19-cv-00071-JRG |
| | § | |
| SUPERCELL OY, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

**SUPERCELL OY'S RENEWED MOTION FOR A TRIAL CONTINUANCE
IN VIEW OF CONCERNS PRESENTED BY THE COVID-19 VIRUS**

## TABLE OF CONTENTS

                                                                                                                                 **Page**

I.    SUPERCELL'S INABILITY TO PRESENT ITS WITNESSES LIVE IS HIGHLY PREJUDICIAL AND JUSTIFIES A CONTINUANCE ...................................... 1

      A.    The Lack of Attendance of Three Fact Witnesses and Two Expert Witnesses Is Not a Voluntary Decision by Supercell .............................................. 2

      B.    Forcing a Party to Choose Between the Safety of Its Witnesses and Receiving a Fair Trial Is Unjust and Unfair .............................................................. 3

II.   SUPERCELL REMAINS UNABLE TO OBTAIN RELEVANT DISCOVERY ................................................................................................................... 5

III.  THERE IS NO PREJUDICE FROM A CONTINUANCE ................................................. 6

IV.  CONCLUSION .................................................................................................................. 7

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Bianco v. Globus Med., Inc.*,
  No. 2:12-CV-147-JRG, 2012 WL 5611054
  (E.D. Tex. Nov. 15, 2012) (Gilstrap, J.) ..................................................................................6

*DFW Metro Line Servs. v. Sw. Bell Tel. Co.*,
  901 F.2d 1267 (5th Cir. 1990) ................................................................................................6

*Hardy v. Johns-Manville Sales Corp.*,
  681 F.2d 334 (5th Cir. 1982) ..................................................................................................1

*Nelson v. Adams USA, Inc.*,
  529 U.S. 460 (2000).....................................................................................................1, 2, 4, 5

*Thompson v. Madison Cty. Bd. of Educ.*,
  476 F.2d 676 (5th Cir. 1973) ..................................................................................................1

**STATUTES AND RULES**

Fed. R. Civ. P. 1 ............................................................................................................................1

**OTHER AUTHORITIES**

Fifth Amendment ............................................................................................................................1

*Considerations for Travelers–Coronavirus in the US*,
  CDC, https://www.cdc.gov/coronavirus/2019-ncov/travelers/travel-in-the-us.html .................4

Defendant Supercell Oy ("Supercell") hereby respectfully renews its request for a continuance of the upcoming September 10 trial. Due to the ongoing COVID-19 pandemic, Supercell is unable to bring three of its fact witnesses and two expert witnesses to trial. In addition, GREE has still not made available numerous witnesses residing in Japan for deposition, and Supercell has been unable to review third-party source code relevant to its invalidity defenses due to long-standing stay-at-home orders.

Supercell initially requested a continuance on April 22, 2020 in view of the pandemic. *See* Dkt. No. 152. Supercell also requested, and was granted, a 1.5-month continuance through a motion filed on July 10, 2020. *See* Dkt. No. 332. As discussed below, however, the circumstances have not materially changed. In light of these circumstances, Supercell renews its request and submits that proceeding with trial violates its due process rights under the Fifth Amendment. *Hardy v. Johns-Manville Sales Corp.*, 681 F.2d 334, 338 (5th Cir. 1982); *Thompson v. Madison Cty. Bd. of Educ.*, 476 F.2d 676, 678 (5th Cir. 1973). Proceeding with trial at this time likewise violates the first tenet of the Federal Rules of Civil Procedure: that they be "construed, administered and employed" "to secure the *just* . . . determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added); *see also Nelson v. Adams USA, Inc.*, 529 U.S. 460 (2000) (Federal Rules are designed to further due process of law that the Constitution guarantees).

Given the demonstrable prejudice to Supercell from moving forward with trial and the lack of prejudice to GREE, Supercell thus requests that the September 10 trial be continued.

**I.   SUPERCELL'S INABILITY TO PRESENT ITS WITNESSES LIVE IS HIGHLY PREJUDICIAL AND JUSTIFIES A CONTINUANCE**

As discussed below, Supercell does not have the option to bring five of its witnesses to trial. Moreover, even assuming it were possible for Supercell to compel these witnesses to attend trial, requiring Supercell to choose between the safety of its employees and witnesses and

1

receiving a fair trial is untenable. The Court should therefore continue the current trial setting until Supercell is able to present its witnesses fairly and safely.

        A.        **The Lack of Attendance of Three Fact Witnesses and Two Expert Witnesses is Not a Voluntary Decision by Supercell**

As an initial matter, Supercell does not possess the ability to make its three Finland-resident fact witnesses attend trial, contrary to the Court's understanding. Dkt. No. 419 (Hearing Tr.) at 5:2-9. Mr. Lauri Ahlgren, Game Lead of Clash Royale, is not an officer or director of Supercell. Declaration of Markku Ignatius ("Ignatius Decl."), ¶ 3. Neither are Mr. Jon Franzas, Lead Programmer, or Mr. Eino Joas, Game Lead of Clash of Clans. *Id.*, ¶¶ 4-5. All three witnesses have expressed health-related concerns about traveling to Texas for trial given the state of the COVID-19 pandemic in the United States and the State of Texas. *Id.*, ¶ 6. Each has informed Supercell that, based on those concerns, they oppose traveling to Texas to attend trial. *Id.* Under these circumstances, Finnish employment laws and regulations preclude Supercell from compelling them to attend trial in Texas. *Id.*, ¶ 7. These witnesses would otherwise attend trial live if not for the current state of the COVID-19 pandemic. *Id.*, ¶ 8.

One of Supercell's expert witnesses, Dr. Claypool, is immunocompromised, and he and his spouse are at high risk of serious and potentially fatal complications should they contract COVID-19. Dr. Claypool is accordingly heeding the advice of his physician and will not travel to Texas for trial for both his and his wife's sake. *See* Dkt. No. 334. Another of Supercell's expert witnesses, Mr. Klein, is at a significantly increased risk of experiencing complications, including hospitalization or death, if he were to contract COVID-19 as a result of his age. *See* Dkt. No. 435-1. In view of the travel required to reach Marshall, Texas, Mr. Klein is heeding CDC and governmental guidance and does not feel safe traveling to Texas for trial. *Id.* The absence of these experts from trial is not a choice made by Supercell—Supercell cannot

make them attend trial—and both experts would otherwise attend trial live if not for the current pandemic.

Thus, Supercell respectfully disagrees with the Court's ruling that the lack of trial attendance by the fact and expert witnesses addressed above results from a voluntary decision by Supercell.

### B. Forcing a Party to Choose Between the Safety of its Witnesses and Receiving a Fair Trial is Unjust and Unfair

Even assuming that Supercell could compel its witnesses to attend trial under the current circumstances, the two options provided by the Court—(1) attempt to force foreign and at-risk witnesses to travel to appear live at trial during the pandemic; or (2) record trial depositions, including rebuttal testimony, before GREE presents its case—do not provide Supercell a fair opportunity to present its case. No litigant should be forced to make the choice between safety and fairness, much less a Finnish defendant haled into Texas court by a non-practicing Japanese patentee who will suffer no prejudice from a continuance.

With respect to safety, as noted above, Supercell cannot force Dr. Claypool or Mr. Klein to attend trial live. Yet, even if it could, travel to and from Marshall for trial presents a legitimate life-threatening risk to these experts and their families, and offering Supercell the choice to force them to attend trial live is, in reality, no choice at all. Similarly, Supercell's three witnesses residing in Finland, where Supercell is headquartered, remain unable to directly enter the United States,[1] and would be required to self-quarantine for 14 days upon returning home.[2] Under the Court's proffered guidance, Supercell's witnesses would need to take at least two flights from Finland to a second location such as a Caribbean island, quarantine there for

---

[1] *See* https://www.cdc.gov/coronavirus/2019-ncov/travelers/from-other-countries.html.

[2] *See* https://valtioneuvosto.fi/en/information-on-coronavirus/current-restrictions.

3

fourteen days in the midst of hurricane season, take another one or two flights to arrive for trial (all while hoping to stay COVID-free), then take at least two additional flights home and self-quarantine for fourteen more days (potentially 5-6 weeks of disruption). Dkt. No. 419 (Hearing Tr.) at 5:2-22. This procedure is unduly burdensome at best and dangerous at worst.[3] And when viewed in light of the relative ease for GREE to obtain live testimony from its Japanese witnesses, who are not precluded from directly entering the United States, this procedure is patently unfair to Supercell.

With respect to receiving a fair trial, trial depositions taken in advance of GREE's case-in-chief are highly prejudicial to Supercell for at least two reasons. First, as previously noted in the parties' Joint Notice Regarding Trial Witnesses, Supercell's immunocompromised and foreign witnesses will need to rebut GREE's affirmative case in several areas, including GREE's allegations of infringement, willfulness, knowledge of published patent applications, and intent to induce infringement. Naturally, these witnesses cannot rebut the testimony, evidence, and arguments presented by GREE in its affirmative case until it sees GREE's presentation. Dkt. No. 411 at 3-4. For example, Supercell's expert witnesses, Dr. Claypool and Mr. Klein, will be providing rebuttal testimony regarding non-infringement and issues relating to damages, but they cannot meaningfully do so until GREE presents the evidence and argument that they are to rebut. *Id.* Moreover, Supercell's foreign fact witnesses are likely to provide testimony that rebuts GREE's claims of willfulness, knowledge of published patent applications, and intent to induce

---

[3] Supercell is unaware of any public or private health authority that does not consider plane travel to present a significant risk of contracting COVID-19. *See e.g.*, Case No. 2:19-cv-00070-JRG-RSP, Dkt. No. 334, at 1-2; *Considerations for Travelers—Coronavirus in the US*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/travelers/travel-in-the-us.html ("social distancing is difficult on crowded flights, and sitting within 6 feet of others, sometimes for hours, may increase your risk of getting COVID-19").

4

infringement.  *Id.*  They cannot provide rebuttal testimony until GREE presents its case on those claims.  *Id.*  Supercell by no means intends to engage in a "trial by ambush."  *See* Dkt. No. 419 (Hearing Tr.) at 10:4-17.  But the fact remains that Supercell is being required to provide rebuttal testimony before GREE presents any evidence at all, thus enabling GREE to hear the final testimony and respond to it in ways that would not be permitted in a normal trial setting.

Second, and relatedly, if Supercell were required to take video trial depositions of its witnesses before GREE says one word to the jury, GREE will have the opportunity to tailor its entire trial presentation—beginning with its opening statement—to effectively rebut Supercell's witnesses' testimony, with Supercell having no opportunity to respond with testimony from those witnesses.  This is the equivalent of Supercell being forced to turn over sacrosanct attorney work product and trial preparation materials in advance of trial, which is unquestionably prejudicial.  Any argument that Supercell can fully account for GREE's presentation because it already knows what GREE will argue to the jury is simply untrue.  GREE has not turned over its final witness outlines nor any other of its highly guarded work product detailing its strategy and plans for trial—nor should it have to.  Indeed, the rules do not require either party to do so, yet the Court's Order essentially requires Supercell to make this one-sided, highly prejudicial disclosure before trial.  Supercell also submits that the current procedure of using pre-recorded trial testimony, including for two of its rebuttal expert witnesses, will reduce the jury's ability to make credibility determinations, as Supercell's expert witnesses will not be able to address assertions that have not yet been made in GREE's case-in-chief.

## II. SUPERCELL REMAINS UNABLE TO OBTAIN RELEVANT DISCOVERY

To this day, Supercell remains unable to obtain basic, highly relevant discovery due to pandemic-related restrictions outside Supercell's control.  As explained in Supercell's initial Motion for Relief, Supercell has been unable to depose several of GREE's Japan-based

employees, despite noticing those depositions more than six months ago and GREE's being permitted by current travel guidelines to bring those witnesses to the United States. Dkt. No. 152 at 3-7. These individuals have knowledge of GREE's purportedly practicing products and therefore, at minimum, have knowledge relevant to the (lack of) commercial success of the inventions claimed in the asserted patents. Supercell also has been unable to inspect third-party source code or take related discovery that is highly relevant to its invalidity defense, including concerning issues that Supercell expects GREE to challenge at trial. It remains unfair to hold trial while Supercell awaits this discovery.

### III.     THERE IS NO PREJUDICE FROM A CONTINUANCE

When compared to the incredible burden a September trial foists on Supercell, the lack of prejudice from a continuance is striking. There is no articulable reason why this case must move forward and under these circumstances, ***now***. GREE does not compete with Supercell in the United States. In fact, GREE's only business in the United States is filing patent infringement suits against Supercell. Therefore, to the extent a delay causes any harm at all, such harm is readily compensable by money damages and pre-suit interest. *See Bianco v. Globus Med., Inc.*, No. 2:12-CV-147-JRG, 2012 WL 5611054, at *3 (E.D. Tex. Nov. 15, 2012) (Gilstrap, J.) ("Any harm suffered … by [Defendant's] continued exploitation of [the patent] during the pendency of this case can be remedied by an award of monetary damages."); *see also DFW Metro Line Servs. v. Sw. Bell Tel. Co.*, 901 F.2d 1267, 1269 (5th Cir. 1990) ("There can be no irreparable injury where money damages would adequately compensate a plaintiff."). Any other conceivable prejudice to GREE was mooted in light of the agreements between Supercell and GREE in Supercell's Unopposed Motion to Continue the Trial Date. Dkt. No. 334 at 9-10.

## IV. CONCLUSION

Forcing Supercell to move forward with trial under these circumstances is unfair, unjust, and violates Supercell's constitutional rights.  When considering the lack of prejudice from a continuance, the burden to Supercell from moving forward now is unjustified.  Supercell therefore respectfully requests that the trial scheduled for September 10 be continued until Supercell can receive a full and fair trial without risking the safety of its witnesses.

Dated:   September 8, 2020              Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　 　 */s/ Michael J. Sacksteder*
　　　　　　　　　　　　　　　　　　　　　　　Michael J. Sacksteder (Admitted E.D. Texas)
　　　　　　　　　　　　　　　　　　　　　　　Bryan A. Kohm (Admitted E.D. Texas)
　　　　　　　　　　　　　　　　　　　　　　　Christopher L. Larson (Admitted E.D. Texas)
　　　　　　　　　　　　　　　　　　　　　　　Shannon E. Turner (Admitted to E.D. Texas)
　　　　　　　　　　　　　　　　　　　　　　　FENWICK & WEST LLP
　　　　　　　　　　　　　　　　　　　　　　　555 California Street, 12th Floor
　　　　　　　　　　　　　　　　　　　　　　　San Francisco, CA  94104
　　　　　　　　　　　　　　　　　　　　　　　Telephone:    415.875.2300
　　　　　　　　　　　　　　　　　　　　　　　Facsimile:     415.281.1350
　　　　　　　　　　　　　　　　　　　　　　　Email:           msacksteder@fenwick.com
　　　　　　　　　　　　　　　　　　　　　　　                      bkohm@fenwick.com
　　　　　　　　　　　　　　　　　　　　　　　                      clarson@fenwick.com
　　　　　　　　　　　　　　　　　　　　　　　                      sturner@fenwick.com

　　　　　　　　　　　　　　　　　　　　　　　Geoffrey R. Miller
　　　　　　　　　　　　　　　　　　　　　　　(Texas State Bar No. 24094847)
　　　　　　　　　　　　　　　　　　　　　　　FENWICK & WEST LLP
　　　　　　　　　　　　　　　　　　　　　　　902 Broadway, Suite 14
　　　　　　　　　　　　　　　　　　　　　　　New York, NY 10010
　　　　　　　　　　　　　　　　　　　　　　　Telephone:     212.430.2600
　　　　　　　　　　　　　　　　　　　　　　　Email:            gmiller@fenwick.com

　　　　　　　　　　　　　　　　　　　　　　　Jeffrey Ware (Admitted E.D. Texas)
　　　　　　　　　　　　　　　　　　　　　　　Jessica M. Kaempf (Admitted E.D. Texas)
　　　　　　　　　　　　　　　　　　　　　　　Jonathan T. McMichael (Admitted E.D. Texas)
　　　　　　　　　　　　　　　　　　　　　　　FENWICK & WEST LLP
　　　　　　　　　　　　　　　　　　　　　　　1191 Second Avenue, 10th Floor
　　　　　　　　　　　　　　　　　　　　　　　Seattle, WA 98101
　　　　　　　　　　　　　　　　　　　　　　　Telephone:     206.389.4510
　　　　　　　　　　　　　　　　　　　　　　　Facsimile:      206.389.4511

      Email:      jware@fenwick.com
                    jkaempf@fenwick.com
                    jmcmichael@fenwick.com

Deron R. Dacus
State Bar No. 00790553
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: 903.705.1117
Facsimile: 903.581.2543
ddacus@dacusfirm.com

*Attorneys for Defendant Supercell Oy*

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that (1) that counsel has complied with the meet and confer requirement in Local Rule CV-7(h); and (2) the above-referenced motion is opposed. The personal conference required by Local Rule CV-7(h) was conducted on September 7, 2020 by counsel for Supercell and Plaintiff. No agreement could be reached.

*/s/ Michael J. Sacksteder*
Michael J. Sacksteder

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail.

*/s/ Michael J. Sacksteder*
Michael J. Sacksteder