# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| GREE, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Case No. 2:19-cv-00070-JRG-RSP |
| v. | § | Case No. 2:19-cv-00071-JRG-RSP |
| | § | |
| SUPERCELL OY, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Roughly 36 hours before jury selection is set to occur in this case, Supercell has filed yet another motion to continue the trial indefinitely. (Dkt. No. 451). In early July, three weeks before the last trial setting, Supercell filed a motion expressly requesting "that the Court continue the August 3 trial to September or early October." (Dkt. No. 332 at 4). That motion represented that "a September or October trial will prejudice neither party." (*Id*. at 12). The Court granted that motion. While "Supercell acknowledges that continuing a trial creates a significant scheduling problem in a court with a docket as busy as this one," (*Id*. at 4) it is nonetheless asking this Court to do it again.

Supercell's new motion complains that it "does not possess the ability to make its three Finland-resident fact witnesses attend trial" even though they are all supervisory employees of Supercell. (Dkt. No. 451 at 5). While it is perhaps true that no employer can force its employees to attend a trial (at least beyond 100 miles from the courthouse), the undersigned has seen no evidence that Supercell has tried. Making this more evident is the fact that Supercell is not even requiring its American expert witnesses to attend the trial live. This despite the fact that other similarly situated expert witnesses have recently attended trial in this courthouse without incident

or complaint. *E.g.*, *Optis Wireless Technology, LLC v. Apple Inc.*, Case No. 2:19-0066 (E.D. Tex., 8/3 – 8/11, 2020).

Supercell has made it very clear that trial depositions are not its first choice for these witnesses, but it is also clear that those depositions are Supercell's choice. The Court has forced GREE to participate in the taking of those depositions during the same week the trial begins, despite GREE's preference to be preparing for trial, in order to accommodate Supercell's desire to minimize GREE's advance knowledge of the testimony. Supercell has taken the depositions of GREE's employees earlier this year in Japan, and has seen detailed reports and taken depositions of all of GREE's experts. There will be no surprises in GREE's presentation at trial. Supercell is not requesting any specific discovery, its only request is an indefinite continuance of the trial. On the showing made, that request is DENIED.

**SIGNED this 9th day of September, 2020.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE